CRANE *v.* ADAMS

No. 39758 January 16, 1956 84 So. 2d 530

*C. B. Hutchison,* Tupelo, for appellant.

*Wm. S. Lawson,* Tupelo, for appellee.

ROBERDS, P. J.

On May 15, 1953, appellee Adams owned a house, occupied by himself and wife as a residence, located in Tupelo, Mississippi. In the house were floor heaters with pilot lights. Appellant Crane was a house painter. Adams employed Crane to paint the floors in that house. While so painting the floors there was an explosion and a flash fire which damaged the interior of the house. Adams brought this suit to recover a judgment against Crane for that damage on the ground that the fire and damage were caused by the negligence of Crane. A jury found for Crane in the justice of peace court. Adams appealed to the circuit court, where he obtained a verdict and judgment against Crane for $85.00. Crane appeals here.

 Crane asked for, but was refused, a peremptory instruction. He says he was entitled to that instruction because the proof fails to show that he was guilty of any negligence. Floor heaters, operated by pilot lights, were used in this house. It is not definite just how many such heaters were in the house. However, it is shown there were heaters in the rooms where Crane was painting the floors. The proof shows that the materials used in painting the floors were highly combustible. There is also proof that the pilot lights were burning in the stoves. It is not denied that there was an explosion and a flash fire. The substance used in painting the floors was burning. Crane did not himself turn off the pilots

nor request Mrs. Adams, who was at the house, to do so. He says he did not notice the pilots were burning. He admitted he knew that the painting materials were highly inflammable and emitted fumes when being applied to the floors. He was an experienced painter. His duties, under his employment, required that he paint near and under the heaters. No fact appears in this record to indicate the explosion and fire were caused by anything other than contact of the paint fumes with the lights in the pilots. If Crane failed to notice that the pilots were burning he was guilty of negligence. If he did know they were burning and yet painted near them he was negligent—at least, in either case, or in both cases, the jury had the right to find him negligent. We think the learned trial judge was correct in denying the request for a peremptory instruction.

Adams obtained an instruction telling the jury that gasoline is "a dangerous agency", and that Crane was required to use the "highest degree of care and precaution suggested by experience and the known danger of its use", and that if the jury believe he did not exercise such degree of care and precaution, and the explosion and damage resulted from such failure, they should find for the plaintiff.

Crane obtained an instruction telling the jury that he was required to use only ordinary care under the circumstances. Crane says the two instructions are contradictory and the case should be reversed for that reason. The instruction granted Adams was correct. If there was error it was in the instruction given Crane. We do not see how this action worked any injury to Crane. The instruction he obtained required of him less precaution and diligence to avoid a fire than the instruction obtained by Adams. He is in no position to complain about that.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie*, JJ., concur.